IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SONNY DUCKWORTH, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Civil Action No. 4:22-CV-00014-P |
| | § | |
| | § | |
| COMMISSIONER, SOCIAL SECURITY | § | |
| ADMINISTRATION, | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING MOTION FOR AWARD OF ATTORNEY FEES UNDER 28 U.S.C. § 406(b) OF THE SOCIAL SECURITY ACT

Pending Before the Court is the Motion for Award of Attorney Fees Under 406(b) of the Social Security Act ("Motion") [doc. 26], filed by Movant, Michael T. Kelly, attorney for Plaintiff. Having carefully considered the Motion and the response, the Court **FINDS, CONCLUDES**, and **RECOMMENDS** that Kelly's Motion [doc. 26] should be **GRANTED** for the reasons stated therein. The Court further **RECOMMENDS** that Defendant be ordered to pay Movant's reasonable attorney fees in the amount of $27,612.25 and that such fees be paid out of Plaintiff's past due benefits under 28 U.S.C. § 406(b)(1) and in accordance with agency policy.[1]

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after

---

[1] The Court notes that, on November 8, 2023, it previously awarded Movant an attorney fee under the Equal Access to Justice Act ("EAJA") in the amount of $7,718.17 [doc. 26] for the same services that are the subject of the above-referenced Motion. When attorney fees are awarded for the same services under both the Social Security Act and EAJA, the attorney is obligated to refund the lesser of the two fees for the same services to Plaintiff.

1

the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendations to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **December 17, 2025**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

SIGNED December 3, 2025.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE